IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY HARDNICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| SAFEGUARD PROPERTIES | ) | |
| MANAGEMENT, LLC, SETERUS, INC., | ) | |
| and RISING REALTY LLC, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Terry Hardnick seeks relief for the unfair and deceptive practices of Defendants Safeguard Properties Management, LLC, Seterus, Inc., and Rising Realty LLC. Defendants dispossessed Plaintiff from her home and disabled her use and enjoyment of the property even though, (1) there was no effectuated deed in lieu, (2) there was no foreclosure pending, and (3) the property had not been sold.

### Parties

1. Plaintiff is a citizen of the State of Illinois and a resident of Cook County, Illinois.

2. Plaintiff is the mortgagor for the residential property located within this district at 7226 South Peoria Street, Chicago, Illinois 60621.

3. Defendant Safeguard Properties Management, LLC ("Safeguard") is a Delaware LLC with a principal office located at 7887 Safeguard Circle, Valley View, Ohio 44125 and a registered agent in the State of Illinois.

4. Safeguard also does business as Safeguard Real Estate Properties Management, LLC.

5. Safeguard is "a turnkey resource for multiple aspects of default property preservation" and "the largest mortgage field service company in the industry." Safeguard is hired

1

to perform property services on homes that are or will be the subject of foreclosure actions in which the lender or servicer seeks to enforce its security interest in the property.

6. Defendant Seterus, Inc. ("Seterus") is a Delaware corporation with a registered agent located within this district.

7. Seterus is "one of the nation's leading speciality loan servicing companies."

8. Seterus is the servicer of Plaintiff's mortgage loan for the property located at 7226 South Peoria Street, Chicago, Illinois 60621.

9. Seterus hired Safeguard to perform property services on the Plaintiff's home, which services included, but were not limited to, changing the property's locks, clearing the property of all personal effects, and winterizing the property.

10. Defendant Rising Realty LLC ("Rising Realty") is an Illinois corporation doing business in this district.

11. Rising Realty "specialize(s) in selling foreclosures, Bank-Owned (REO), and Short-Sale properties" and "manage and sell hundreds of foreclosed bank owned properties and short sales each year."

12. Rising Realty posted signage on the Plaintiff's home located at 7226 South Peoria Street, Chicago, Illinois 60621 indicating it was REO, corporate-owned property.

## Jurisdiction and Venue

13. Because Plaintiff alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), this Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since the activities giving rise to Plaintiff's cause of action occurred in this district.

***Factual Allegations Common to All Counts***

15.     Plaintiff Terry Hardnick suffered a stroke and, due to the loss of her job, she decided to move in with her daughter to save on expenses.

16.     Accordingly, Ms. Hardnick began negotiating with Seterus, her mortgage servicer, regarding alternatives to foreclosure.

17.     Seterus advised Plaintiff that she may be eligible for a deed in lieu of foreclosure, which would offer her relocation assistance funds to help her move the rest of her belongings.

18.     Plaintiff had not vacated the premises at 7226 South Peoria Street as she had been storing personal items there.

19.     In fact, during several calls with Seterus representatives, Ms. Hardnick advised Seterus that she could not afford to move all of her property from the home until the relocation assistance funds had been provided.

20.     Nonetheless, on or about May 13, 2015, Seterus' property agent Safeguard installed a lockbox on the Plaintiff's home, barring Ms. Hardnick from further entries.

21.     Then, on or about July 13, 2015, Seterus employed Safeguard to perform a "Mortgage Release Inspection" of the property, which was an interior entry.  At this time, while undervaluing the property, Safeguard confirmed that there were personal effects in the home.

22.     On or about August 14, 2015, Seterus employed Safeguard to once again enter the property and Safeguard cleaned out the home, removing the remainder of Ms. Hardnick's personal belongings, including an upright piano Plaintiff valued at $2,000 and a hot water heater valued at $325.

23.     On or about August 26, 2015, and trying to work with Seterus after the lock-outs to mitigate her damages, Plaintiff submitted the signed, notarized paperwork that Seterus' attorneys Pierce and Associates represented were required to effectuate the deed in lieu.

3

24. In October of 2015, because of a lien[1] on the property, Seterus rejected Plaintiff's deed in lieu application.

25. During these months, Plaintiff was still unable to enter the property and survey the damage.

26. Finally, on or about March 16, 2016, Seterus provided Plaintiff with a lockbox code so she could enter the home. It did not work.

27. At that time, Ms. Hardnick observed workmen in and around her home. This is despite the fact that foreclosure had still not been filed, no judgment or sale had occurred, and Seterus had not committed to any final terms for a new deed in lieu offer.

## COUNT I
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692f(6) Against Safeguard Properties Management, LLC

28. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-27 as if set forth fully in this Count.

29. Terry Hardnick is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that she was allegedly obligated to pay a residential mortgage debt.

30. Under the FDCPA, the definition of "debt collector" is expanded for purposes of § 1692f(6) to include any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the enforcement of security interests.

31. Pursuant to § 1692f(6), taking or threatening to take any nonjudicial action to affect dispossession or disablement of property is strictly prohibited if:

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B) there is no present intention to take possession of the property; or

---

[1] Chicago Municipal Employees Credit Union had a judgment entered against Ms. Hardnick on October 31, 2012. The judgment was satisfied and a release was entered on or about November 19, 2015.

    (C)  the property is exempt by law from such dispossession or disablement.

 32. Safeguard acted at the request of Seterus to enforce the security interest created by the mortgage on the Plaintiff's home and prepare the home for sale by the mortgagee.

 33. However, there was no present right to take possession of the property because the deed in lieu had not been approved and there was no court order granting possession or judgment to the mortgagee.

 34. While a deed in lieu is a statutorily-permitted method to terminate a mortgagor's interest in a property, "Except as provided in subsection (d) of Section 15-1501 [735 ILCS 5/15-1501], the interest in the mortgaged real estate of (i) all persons made a party in such foreclosure and (ii) all nonrecord claimants given notice in accordance with paragraph (2) of subsection (c) of Section 15-1502 [735 ILCS 5/15-1502], shall be terminated by the judicial sale of the real estate, pursuant to a judgment of foreclosure, provided the sale is confirmed in accordance with this Article."  735 ILCS 5/15-1404.

 35. Under 735 ILCS 5/15-1701, the mortgagor is entitled to possession of the real estate prior to the entry of a judgment of foreclosure, unless the mortgagee applies for and requests that it be deemed a mortgagee in possession.

 36. Therefore, Safeguard's conduct in May, July, and August of 2015 (described above) which dispossessed Plaintiff and disabled the property from her use is actionable under 15 U.S.C. § 1692f(6).

 37. Specifically, Safeguard violated the FDCPA by, among others, entering Ms. Hardnick's property without authorization, removing all of her remaining personal property, placing a lockbox on the property (thereby rendering her house keys inoperable and disabling her entry), and dispossessing her from the use of the property.

38. Safeguard's conduct caused damage to the Plaintiff including but not limited to the pecuniary losses associated with the value of the removed personal property, stress and aggravation related to being locked out of her property and unable to re-enter to move out, and the loss of her rights to use the property until a transfer to the mortgagee was properly effectuated in accordance with Illinois law.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant Safeguard Properties Management, LLC and award damages as follows:

(A) Actual and statutory damages under the FDCPA, 15 U.S.C. § 1692k;

(B) Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief this Court deems appropriate and just under the circumstances.

## COUNT II
### *Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") Against All Defendants*

39. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-27 as if set forth fully in this Count.

### *Unfair Conduct of Seterus and Safeguard*

40. Seterus' order to enter/lock and Safeguard's conduct of entering/locking violates the common law and the unfairness prong of the ICFA, 815 ILCS 505/2, which protects consumers against violations of Illinois public policy.

41. Illinois' Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq.* ("IMFL"), provides that dispossession from property is governed exclusively by the courts presiding over the foreclosure actions.

6

42. Because no deed in lieu, short sale, consent foreclosure or other foreclosure alternative had been effectuated with regard to the Plaintiff's mortgaged property, Ms. Hardnick retained her rights to full possession until a court ordered otherwise.

43. On May 13, 2015 and on other dates throughout the summer of 2015, Seterus and Safeguard acted in concert to bar Ms. Hardnick from entering her property and to unlawfully remove her personal property.

44. This conduct violated Section 2 of the ICFA because it is an unfair business practice and also amounts to the concealment, suppression or omission of a material fact (that Ms. Hardnick, as mortgagor, still retained full possessory rights in the property and Seterus and Safeguard had no legal right to bar her from entry).

45. In contravention of the IMFL, which mandates taking the legally required steps to gain possession of mortgaged properties, Seterus and Safeguard unlawfully attempted to take, and in fact did take, actions to take possession of the Plaintiff's home.

46. Seterus employed Safeguard to effectuate the property lock-out and clean-out.

47. Seterus and Safeguard share an online portal through which property photographs and work orders can be uploaded and viewed.

48. Seterus maintained inadequate controls over Safeguard or alternatively, provided mis-information that guided Safeguard's conduct.

49. Safeguard, in turn, maintained inadequate controls over its property agents or alternatively, provided mis-information that guided its agents' conduct.

50. Entering Plaintiff's property, ordering and/or performing lock changes and personal property removal, violates public policy and is unfair, unconscionable, and oppressive.

51. The laws and public policy of the State of Illinois include the IMFL (735 ILCS 5/15-1101 *et seq.*) which provides, among other things, that: (a) the wrongful inducement of abandonment

of property is prohibited; (b) mortgagors are entitled to possession of real estate until the court rules otherwise; and (c) mortgages may only be foreclosed in accordance with the IMFL.

52. Defendants' conduct, described herein and above, is unfair, unconscionable, and oppressive in that Defendants knew or should have known such conduct would be likely to cause injury to Plaintiff, who relied upon having access to her property and being able to store her items there until the deed in lieu process was complete.

53. Defendants' conduct, described herein and above, is unfair, unconscionable, and oppressive in that entering homes without legal authority and taking action to bar the homeowner's re-entry interferes with a homeowner's rights of quite enjoyment and amounts to a constructive eviction.

54. Defendants' conduct, described herein and above, was made with the intent that Plaintiff rely on it and: (a) abandon the premises early; (b) give up all possessory rights prematurely; and/or (c) abandon her remaining personal property.

55. Defendants' conduct, described herein and above, occurred in the course of trade or commerce in the State of Illinois.

**Unfair and Deceptive Conduct of Rising Realty**

56. On or about March 16, 2016, Rising Realty's posting was apparent on Plaintiff's front door. The posting stated, "NO TRESPASSING. VIOLATORS WILL BE PROSECUTED. THIS PROPERTY IS CORPORATE OWNED. IT IS NOT FOR RENT. FOR INFORMATION OR IN CASE OF AN EMERGENCY PLEASE CONTACT RISING REALTY. PHONE NUMBER 773-395-9999 OR EMAIL RISINGREALTY.COM."

57. The statements contained on the March 16, 2016 posting were false and deceptive and made with the intent that Plaintiff rely on them and believe: (a) she was barred from entering

8

the home; (b) the property had been sold or foreclosed upon (which it had not); and (c) she had no rights to use of the property.

58. Further, on information and belief, Rising Realty also installed or had access to a lockbox barring Plaintiff from entry, an unfair act committed in violation of the ICFA's prohibition on conduct that violates public policy.

59. Rising Realty's conduct, described herein and above, is unfair, unconscionable, and oppressive in that it took action to bar the homeowner's re-entry, interfering with Plaintiff's rights of quite enjoyment and amounting to a constructive eviction.

60. Rising Realty's conduct, described herein and above, is unfair, unconscionable, and oppressive in that it falsely publicizes incorrect statements regarding the ownership of the property.

61. Rising Realty's conduct, described herein and above, occurred in the course of trade or commerce in the State of Illinois.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against all Defendants and award damages as follows:

    (A)    Actual damages;

    (B)    Punitive damages;

    (C)    Attorney's fees, litigation expenses and costs incurred in bringing this action; and

    (D)    Any other relief this Court deems appropriate and just under the circumstances.

## COUNT III
**Trespass to Chattel**
**Against Safeguard Properties Management, LLC**

62. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-27 as if set forth fully in this Count.

63. An injury to or interference with possession, with or without physical force, constitutes a trespass to personal property.

64. A trespass to a chattel may be committed by intentionally: (a) dispossessing another of the chattel; or (b) using or intermeddling with a chattel in the possession of another. Harm to the personal property or diminution of its quality, condition, or value as a result of a defendant's use can also result in liability under this tort.

65. Safeguard took photographs of Plaintiff's personal property, contained within her home, and converted them to its own use or trashed them without Plaintiff's permission.

66. Plaintiff's property was destroyed and she was not able to retrieve her items as a result of Safeguard's entries beginning on May 13, 2015 and culminating with the destruction of her piano on August 14, 2015.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant Safeguard Properties Management, LLC and award damages as follows:

(A) Actual damages;

(B) Punitive damages;

(C) Any other relief this Court deems appropriate and just under the circumstances.

**Plaintiff Demands Trial By Jury**

Respectfully submitted,

By: /s/ Stacy M. Bardo
Attorney for Plaintiff

Stacy M. Bardo
Bardo Law, P.C.
One South Dearborn, Suite 2100
Chicago, Illinois 60603
(312) 219-6980

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the events described herein. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials.

By: /s/ Stacy M. Bardo
One of Plaintiff's Attorneys